UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_____ DIVISION

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

AlVIN TYRONE TISDALE

Inmate # 30478 - 018          .

(Enter full name of Plaintiff)

vs.

CASE NO: 3.07-cv-87-J-32HTS

(To be assigned by Clerk)

Scotty Rhoden          ,

_____ ,

D. Rodney Brown          ,

_____ ,

_____ ,

(Enter name and title of each Defendant.

If additional space is required, use the

blank area below and directly to the right.)

FILED

2007 FEB -9 P 1: 04

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

I.    **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:     Alvin Tyrone Tisdale
Inmate Number          30478-018
Prison or Jail:        Federal Correctional Inst.
Mailing address:       P.O BOX 7007
                       Marianna Florida
                              32447

II.   **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address.  Do the same for <u>**every**</u> Defendant:

(1)    Defendant's name:      Scotty Rhoden
       Official position:     Investigator
       Employed at:           BAKER County Sheriff office
       Mailing address:       56 North 2nd St.
                              Macclenny, Fl 32063

(2)    Defendant's name:      D. Rodney Brown
       Official position:     Fed. Prosecutor
       Employed at:           United States District Court
       Mailing address:       300 North Hogan St.
                              Suite 700, Jax. Fl 32202

(3)    Defendant's name:      _____
       Official position:     _____
       Employed at:           _____
       Mailing address:       _____
                              _____


**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

NOTE:  THE COURT WILL NOT REVIEW THE MERITS OF THE COMPLAINT UNLESS THE
FOLLOWING QUESTIONS HAVE BEEN ANSWERED REGARDING EXHAUSTION OF
ADMINISTRATIVE REMEDIES AND ANY PRIOR LAW SUITS THAT HAVE BEEN FILED.

III.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding
conditions or events in any prison, jail, or detention center.  42 U.S.C. § 1997e(a).  Plaintiff
must submit copies of all grievances, appeals, and responses with this complaint to verify
exhaustion.  Failure to demonstrate exhaustion may be grounds for dismissal.

A.    **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA
DEPARTMENT OF CORRECTIONS?**

Yes(  )                    No( ✓ )

[If your answer is NO, proceed to Question B.  If your answer is YES, answer all
of the following questions in this subsection.]

1.    **Informal Grievance**

a.    Did you submit an informal grievance?

Yes(  )                    No(  )

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

b.    If not, why? _____

2.    **Formal Grievance**

a.    Did you submit a formal grievance?

Yes(  )                    No(  )

❖ If so, you must attach a copy of the grievance and response; exhibit _____.

b.    If not, why? _____

3.    **Appeal to the Office of the Secretary**

a.    Did you submit an appeal to the Office of the Secretary?

Yes(  )                    No(  )

❖ If so, you must attach a copy of the appeal and response; exhibit _____.

b.    If not, why? _____

3

4.    **Disciplinary Actions**

a.    Did you have a disciplinary hearing concerning this matter?

    Yes(  )               No(  )

    ❖  If so, you must attach a copy of the disciplinary report and disciplinary hearing team's findings and decision to this form; exhibit _____.

b.    Did you lose gaintime as a result of the disciplinary hearing?

    Yes(  )               No(  )

c.    Has the gaintime since been restored?

    Yes(  )               No(  )

**B.**    **DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL OR DETENTION CENTER?**

    Yes(  )               No(✓)

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer the following questions.]

1.    Is there a grievance procedure at your institution or jail?

    Yes(  )               No(  )

[If your answer is NO, proceed to Section IV of the complaint form. If your answer is YES, answer all of the following questions in this subsection.]

2.    Did you submit a grievance concerning the facts relating to your complaint?

    Yes(  )               No(  )

3.    If your answer is YES:

    a. What steps did you take? _____

    b. What were the results? _____

    ❖ If so, you must attach a copy of the grievance and response; exhibit _____.

4.    If your answer is NO, explain why not: _____

_____

4

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL
OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED,
THAT FACT MUST BE DISCLOSED AS WELL.

IV.    **PREVIOUS LAWSUITS**

A.    Have you initiated other actions in **state court** dealing with the same or similar
facts/issues involved in this action?
Yes(  )                    No(X)

1. Parties to previous action:
   a.    Plaintiff(s): _____

   b.    Defendant(s): _____

2. Name of judge: _____    Case #: _____

3. County and judicial circuit: _____

4. Name of judge: _____

5. Approximate filing date: _____

6. If not still pending, date of dismissal: _____

7. Reason for dismissal: _____

8. Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list state court cases.)**

B.    Have you initiated other actions in **federal court** dealing with the same or similar
facts/issues involved in this action?

Yes(X)                    No(  )

1. Parties to previous action:
   a.    Plaintiff(s): Alvin Tyrone Tisdale

   b.    Defendant(s): D Rodney Brown

2. District and judicial division: Middle District  Jacksonville Division

3. Name of judge: Timothy J. Corrigan    Case #: 3:04-cv-767-J-32HTS

4. Approximate filing date: September 6, 2004  Amended Dec 9, 2004

5. If not still pending, date of dismissal: _____

6. Reason for dismissal: _____

7. Facts and claims of case: Being held unconstitutionally
due to Fabrication of State Case

**(Attach additional pages as necessary to list other federal court cases.)**

5

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( )                        No(X)

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1. Parties to previous action:
   a.  Plaintiff(s): _____
   b.  Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____    Case #: _____
4. Approximate filing date: _____
5. If not still pending, date of dismissal: _____
6. Reason for dismissal: _____
7. Facts and claims of case: _____

   _____

   **(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes( )                        No(X)

1. Parties to previous action:
   a.  Plaintiff(s): _____
   b.  Defendant(s): _____
2. District and judicial division: _____
3. Name of judge: _____    Case Docket # _____
4. Approximate filing date: _____    Dismissal date: _____
5. Reason for dismissal: _____

   **(Attach additional pages as necessary to list cases.)**

6

## V.    STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

During the year of 2001, I Alvin T. Tisdale worked as a confidential informant for Investigator Scotty Rhoden of the Baker County Sheriff's Department at his discretion. Which led to extensive assistance until December 3, 2003. I Alvin Tisdale made numerous controlled buys and aided other Department Investigators in arrests of unsolved crimes as well as arrests of wanted fugitives at which Investigator Scotty Rhoden agreed to dismiss any charges that were against me (Alvin Tisdale). Investigator Rhoden advised Alvin Tisdale that the assistance would only be to aide in arrests of white people which he would later use to get the black drug dealers. After numerous arrest I Alvin Tisdale was threatened by a white man whom I aided Investigator Rhoden in his arrest. I Alvin Tisdale informed Investigator Scotty Rhoden of the threat to my life, at which he ignored. I Alvin Tisdale refused to continue assistance and was arrested by Investigator Scotty Rhoden he would then release me if I agreed to further assistance which he stated that the States Attorney said that I would have to do because of my criminal history in order to dismiss said charges. There were also cases where people I aided Investigator Scotty Rhoden in their drug arrests that were not final and required me Alvin Tisdale to attend depositions and some pleaded guilty. I Alvin T. Tisdale asked States Attorney Melton Bessinger about my (Alvin Tisdale) drug charges which I was aiding in order to be dismissed and he (Melton Bessinger / States Attorney) had no knowledge of a deal to dismiss charges nor of any charges that Investigator Scotty Rhoden allegedly had against me (Alvin Tisdale). I later spoke with someone whom had worked as an confidential informant and he stated to me about my situation that he had never seen or heard of anyone being a confidential informant for such a

7.

period of time as I have. I there after did not contact Investigator Rhoden anymore and to my surprise he'd contacted my mother and also my now wife at her mothers' residence stating that he was going to arrest me if he saw me and I had not contacted him. I was arrested there after Investigator Rhoden had never dismissed the charges if any which gave him the opportunity to use the alleged charges if any to get assistance. He stated to me again you had better do as I tell you or your going to prison for a long time, so I was brought an ROR paper by Investigator Rhoden an released. I then aided him again and there after he wanted me to assist him again. I refused and as usual he sent threats to arrest me and to tell the people around me at the time of me being arrested about my confidential assistance. I still refused and was arrested on December 3, 2003 and the County Judge Joseph Williams gave me a 100,000$ bond and stated that it was because of my lengthy criminal history I the wrote the District Judge and advised him about my assistance and also the threat to my life and the agreement I had with Investigator Scotty Rhoden and shortly after at arraignment the District Judge Guinta whom I wrote the letter to. Released me on my own recognizance and at that point on I received threats from Investigator Scotty Rhoden also he visited me at my mothers residence and told me he was going to make sure I went to Federal prison.

I was later arrested on 2/13/04 and held in Baker County Jail for a Federal charge as narrated by Investigator Scotty Rhoden. Investigator Scotty Rhoden again used an alleged charge if any to detain me (Alvin Tisdale) until he could get me initated in Federal Court SEE EXHIBIT "B" if as highlighted, occurred date range being 5/06/03 which is contrary to statement of probable cause date 9/03/03 also page 2 arrest date 2/13/04 being contrary to EXHIBIT "A" of the States Attorney's office arrest being 9/03/03. Also EXHIBIT "B" states purchase in Sanderson Florida in probable cause and incident info state M$^C$Iver Street in Macclenny, Florida which is impossible. Even to monitor despite the time the CS travel from Macclenny to Sanderson also the alleged drug amount from EXHIBIT "B" which was dismissed was .1 gram was used in Federal prosecution instead of alleged .2 grams in charge initiated in Federal charge shows fabrication. Also Tisdale was not transported to Federal Court by United States Marshals but was transported by and single handedly through Investigator Scotty Rhoden to the Federal Court house and, during the initial processing the Federal officer at intake entered Alvin T. Tisdale's name and other relevant info and stated to Investigator Scotty Rhoden that there was nothing indicating an warrant or Indictment and asked Investigator Scotty Rhoden was or had Alvin T. Tisdale been sentenced and was turning himself in. Investigator Scotty Rhoden then asked the intake officer if there was somewhere he could detain Alvin T. Tisdale until he got in touch with either Federal Prosecutor or DEA Randy Crews. Alvin T. Tisdale was held from early morning until about 3:00 to 3:30 and was taken before Magistrate Howard T. Snyder and was given and indictment bearing

7.

no case number nor Grand Jury foreman signature nor date as to hearing before Grand Jury SEE EXHIBIT "D". Thereafter Alvin T. Tisdale learned that Investigator Scotty Rhoden alleged that Alvin Tisdale was arrested for an unrelated case at which allegedly occured on 5/06/03 and 9/03/03 SEE EXHIBIT "B" which should have been initiated before Federal case EXHIBIT "C" had it existed. Also the EXHIBIT "B" and bottom of pages shows clearly that the States Attorney as earlier mentioned had no or any knowledge until 2/13/04 due to the underlying facts clearly shown the Information is Recklessly False.

**VI.    STATEMENT OF CLAIMS:**

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

Fifth Amendment, Due Process

**VII.    RELIEF REQUESTED:**

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Release from custody, Compensation for time being unconstitutionally incarcerated

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

2- -07

(Date)

(Signature of Plaintiff)

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the _____ day of _February_____, 20_07_.

(Signature of Plaintiff)

Revised 07/02

8

Also Attached is and original
copy of Indictment given to me
by D. Rodney Brown then after
Sending in my 2255 mentioning
the Signatures not being on Indictment
I there after recieved one Altered.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

ALVIN TYRONE TISDALE

Case No. 3:04-cr-
Ct. 1:     21 U.S.C. §§ 841(a)(1) &
           841(b)(1)(C)
Forfeiture: 21 U.S.C. § 853

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about October 30, 2003, in Baker County, in the Middle District of
Florida,

ALVIN TYRONE TISDALE

defendant herein, did knowingly, willfully, and intentionally distribute cocaine base,
commonly known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and
841(b)(1)(C).

## FORFEITURES

1.     The allegations contained in Count One of this Indictment are
hereby realleged and incorporated by reference for the purpose of alleging forfeitures
pursuant to the provision of Title 21, United States Code, Section 853.

the United States of America shall be entitled to forfeiture of substitute property under the provision of Title 21, United States Code, Section 853(p).

A TRUE BILL

_____

FOREPERSON

PAUL I. PEREZ
United States Attorney

_____
D. RODNEY BROWN
Assistant United States Attorney

_____
JULIE HACKENBERRY SAVELL
Assistant United States Attorney
Deputy Chief, Jacksonville Division

F I L E D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

ALVIN TYRONE TISDALE

Case No.  3:04-cr- *3 7- J- 3 2 H T S*
Ct. 1:     21 U.S.C. §§ 841(a)(1) &
           841(b)(1)(C)
Forfeiture: 21 U.S.C. § 853

*Alvin Tisdale*
*3 0y 1 8 — 01 8 — N/B*

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about October 30, 2003, in Baker County, in the Middle District of

Florida,

ALVIN TYRONE TISDALE

defendant herein, did knowingly, willfully, and intentionally distribute cocaine base,

commonly known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(C).

### FORFEITURES

1.     The allegations contained in Count One of this Indictment are

hereby realleged and incorporated by reference for the purpose of alleging forfeitures

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT

Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

ALVIN TYRONE TISDALE

**INDICTMENT**

Violations:

Ct. 1:     21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)

A true bill,

Foreperson

Filed in open court this 10th day

of February, A.D. 2004.

Clerk

Bail   $

GPO 863 525

the United States of America shall be entitled to forfeiture of substitute property under the provision of Title 21, United States Code, Section 853(p).

A TRUE BILL

FOREPERSON

PAUL I. PEREZ
United States Attorney

D. RODNEY BROWN
Assistant United States Attorney

JULIE HACKENBERRY SAVELL
Assistant United States Attorney
Deputy Chief, Jacksonville Division

3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

ALVIN TYRONE TISDALE

Case No.  3:04-cr-
Ct. 1:     21 U.S.C. §§ 841(a)(1) &
           841(b)(1)(C)
Forfeiture: 21 U.S.C. § 853

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about October 30, 2003, in Baker County, in the Middle District of

Florida,

ALVIN TYRONE TISDALE

defendant herein, did knowingly, willfully, and intentionally distribute cocaine base,

commonly known as "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(C).

## FORFEITURES

1.      The allegations contained in Count One of this Indictment are

hereby realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to the provision of Title 21, United States Code, Section 853.

the United States of America shall be entitled to forfeiture of substitute property under the provision of Title 21, United States Code, Section 853(p).

A TRUE BILL

_____

FOREPERSON

PAUL I. PEREZ
United States Attorney

_____

D. RODNEY BROWN
Assistant United States Attorney

_____

JULIE HACKENBERRY SAVELL
Assistant United States Attorney
Deputy Chief, Jacksonville Division

3

IN AND FOR BAKER COUNTY, FLORIDA

STATE OF FLORIDA     Exhibit "A"     Case Number: 02-2004-CF-000094-A
    Plaintiff,        C.R.#: 03-1185
vs.                FELONY DIVISION

ALVIN TYRONE TISDALE
    Defendant.

## CASE ACTION REPORT
### NOLLE/NO INFORMATION/FINAL DISPOSITION

On 09/03/2003, the BAKER COUNTY SHERIFF'S OFFICE arrested the above named defendant with: (original charge)[s])

1) DRUGS: SALE OF CONTROLLED SUBSTANCE WITHIN 1000 FEET OF A SCHOOL OR A CHILD CARE FACILITY
2) DRUGS: POSSESSION OF CONTROLLED SUBSTANCE

The facts of the case have been reviewed by this office:

The State of Florida, by the undersigned authority, enters a **NOLLE PROSEQUI/NO INFORMATION** (DISMISSAL) in the above entitled action as to:

| Count | Reason | |
|---|---|---|
| 1) SALE OF CONT. SUBSTANCE W/IN 1000 FT OF SCHOOL | 1N | REQUEST OF INVESTIGATING AGENCY |
| | 3I | TRANSFERRED FOR FEDERAL PROSECUTION |
| 2) POSS. CONTROLLED SUBSTANCE | 1N | REQUEST OF INVESTIGATING AGENCY |
| | 3I | TRANSFERRED FOR FEDERAL PROSECUTION |

EVIDENCE:
    The Evidence Custodian is hereby authorized to:

    ( XX ) Retain custody of the evidence until instructed otherwise.

    ( ) Dispose of the evidence in accordance with Florida Statutes.

I HEREBY CERTIFY that a copy hereof has been furnished to ~~Public Defender~~ by Hand Delivery, this 31 day of March, 2004.

WILLIAM P. CERVONE
STATE ATTORNEY

RALPH M. YAZDIYA
Assistant State Attorney
Florida Bar Number: 140198

Clerk       State Attorney's Office       Defense Counsel       Jail
INVESTIGATIVE AGENCY - BASO (SCOTTY RHODEN - 205)       Evidence Custodian –

04-094-CFA

ARREST REPORT                                              ORIGINAL    BAKER COUNTY SHERIFFS OFFICE
REPORT NO:  BCSO04ARR000379

| Jail Booking No | Offense No<br>BCSO03OFF001185 | Other No<br>BCSO03CAD009963 | OBTS<br>020100-2694 |
|---|---|---|---|

[ SUSPECT ]

| Last<br>TISDALE | First<br>ALVIN | Middle<br>TYRONE | Title | Race<br>B | Sex<br>M | DOB<br>1969 | Age<br>33 | Hgt<br>5'06" | Wgt<br>123 |
|---|---|---|---|---|---|---|---|---|---|

| Eyes<br>BRO | Hair<br>BLK | MNI Number<br>BCSO00MNI000085 | SSN<br>-1193 | I.D. No.<br>T23401869209-0 | St<br>FL | Type | OCA Number |
|---|---|---|---|---|---|---|---|

Birth Location: City: GAINESVILLE County: ALACHUA State: FL Nation: US Citizenship: US
Addresses (Current/Last Known is Listed First)
    508 QUAIL LN MACCLENNY FL 32063 Phone: 904-259-8854 Entered: 10/17/2003
    383 W RAILROAD ST MACCLENNY FL 32063 Phone: 259-8854 Entered: 08/10/2002
    383 W RAILROAD AVE MACCLENNY FL 32063 Phone: (904)259-8854 Entered: 10/09/2001
Occupations (Current/Last Known is Listed First)
    * none found in MNI *
Aliases (Last, First Middle Title DOB)
    * none found in MNI *
Street Names
    * none found in MNI *

FILED

FEB 1 3 2004

CLERK OF COURTS
BAKER COUNTY FLORIDA

[ INCIDENT INFORMATION ]
Occurred Date Range: 05/06/2003      20:09    to  05/06/2003      20:09

| No. | Di | Street<br>MCIVER STREET | Apt/Lot | City<br>MACCLENNY | ST<br>FL | Zip<br>32063 | (GEO)<br>1 - BCSO - - |
|---|---|---|---|---|---|---|---|

[ CHARGES ]

893.13.1C1    COCAINE-SELL
WITHIN 1000 FT OF SCHOOL SCHEDULE II

| Counts | Level | Degree | GOC | UCR | NCIC | AON |
|---|---|---|---|---|---|---|
| 1 | Felony | First | Principal | 350A | | 3530 |

893.13.1C1    COCAINE-POSSESS
WIT SELL MFG DELIVER WI 1000 FT SCH SCHED II

| Counts | Level | Degree | GOC | UCR | NCIC | AON |
|---|---|---|---|---|---|---|
| 1 | Felony | First | Principal | 350A | | 3532 |

[ STATEMENT OF PROBABLE CAUSE ]
CAD INCIDENT DISPOSITION CODE: [ 181] [  E] [] []

ON 09-03-03 I WAS IN CHARGE OF A CONTROLLED NARCOTICS PURCHASE IN SANDERSON, FL. ASSISTING
WITH THE INVESTIGATION WAS INVESTIGATOR MIKE COMBS AND CS 1002 & 1003. THE CS AND
OFFICERS MET AT A PREDETERMINED LOCATION AT 2000. THE CS WAS DRIVING A UNDER COVER
VEHICLE EQUIPPED WITH AN AUDIO AND VIDEO RECORDING DEVICE. THE AUDIO WAS TRANSMITTED
SO THAT THIS OFFICER COULD MONITOR THE TRANSACTION. THE CS STATED TO THIS OFFICER THAT
HE HAS PURCHASED NARCOTICS FROM THE AREA IN THE PAST. THE CS AND THE UC VEHICLE WAS
SEARCHED BY THIS OFFICER AND NO CONTRABAND WAS FOUND. THE CS WAS ISSUED $20.00 DOLLARS
OF PRERECORDED US CURRENCY WHICH WERE LAWFUL FUNDS OF THE BAKER COUNTY SHERIFFS
OFFICE. THE CS WAS INSTRUCTED TO TRAVEL TO THE AREA AND ATTEMPT TO PURCHASE NARCOTICS.
THE CS ARRIVED IN THE AREA AT 2009 AND MADE CONTACT WITH THE DEFENDANT THE CS
REQUESTED A TWENTY THIS IS STREET LANGUAGE FOR CRACK COCAINE. THE DEFENDANT THEN
HANDED THE CS THE SUSPECTED CRACK COCAINE. THE CS THEN HANDED THE DEFENDANT THE
TWENTY DOLLARS THAT WAS ISSUED TO HIM. THE CS DROVE BACK TO THE PREDETERMINED
LOCATION AND GAVE ME THE SUSPECTED CRACK COCAINE. THE CS AND THE UC VEHICLE WAS
SEARCHED AGAIN BY THIS OFFICER AND NO CONTRABAND WAS FOUND. UPON VIEWING THE VIDEO
TAPE THIS OFFICER RECOGNIZED THE PERSON IN THE VIDEO TO BE ALVIN TISDALE. THE CRACK

ARREST REPORT                                          BAKER COUNTY SHERIFFS OFFICE
REPORT NO:  BCSO04ARR000379

COCAINE WAS TESTED WITH POSITIVE RESULTS AND WEIGHED APPROXIMATELY **0.1 GRAMS.** ALL
EVIDENCE WAS TURNED INTO EVIDENCE CUSTODIAN LORINDA FISH AT THE BAKER COUNTY SHERIFFS
OFFICE. THE DEFENDANT **WAS ARRESTED ON 02-13-04#**AND TRANSPORTED TO THE BAKER COUNTY
DETENTION CENTER.

I hereby swear (or affirm) that the facts established on this affidavit are true and correct to the best of my knowledge
and belief.

_Inv. Scotty Rhoden_                    RHODEN, SCOTTY                    205
Signature  (Arresting Officer)          Name                             ID/SSN

Subscribed and sworn to (or affirmed) before me this 13 day of    February   A.D., 2004 by  _Scotty Rhoden_

who is personally known to me or has produced _____ as identification.

_Inv. David Bryant_                     _____ Notary Public    ✓  LEO    _____ CO
Signature

Commission No: _____          My Commission Expires _____

[ PHYSICAL EVIDENCE ]    [NO PHYSICAL EVIDENCE LISTED]

[ ARREST INFORMATION ]

| Arrested | Residency | Injured | Extent of Injury | Resist |
|---|---|---|---|---|
| 02/13/2004  14:45 | Within jurisdiction | None | N/A | No |
| Weapon | Arrested Prior | Arrest Jurisdiction | Alcohol | Drugs |
|  |  | Within jurisdiction | No | Yes |

| No. | Di | Street | A/L | City | ST | Zip |
|---|---|---|---|---|---|---|
|  |  | MCIVER STREET |  | MACCLENNY | FL | 32063 |

Arresting Officer                        Unit                          (GEO)   1 - BCSO - -
205    RHODEN, SCOTTY                    BCSO\NARCOTICS INVESTIGATOR .

Bond Set by LEO at Time of Arrest & Booking:                      ( )    None    ( )    ROR

Bond Set by Judge
_____    ( ) Any        ( ) None        ( ) ROR/Signature
( ) PTR/IQ          ( ) PTR        ( ) Cash        ( ) Professional
( ) Purge           _____

Return Court: _____          Date: _____    Time: _____
Instructions:

[ ADDITIONAL PERSONS ]

COURT DISPOSITION: _____

_____

_____

_____                ( right index )

EXHIBIT 16

2003-386 CFA

**ARREST REPORT**
REPORT NO: BCSO03ARR002958

ORIGINAL

BAKER COUNTY SHERIFFS OFFICE

| Jail Booking No | Offense No BCSO03OFF002794 | Other No BCSO03CAD023209 | OBTS 0201002379 |
|---|---|---|---|

**[ SUSPECT ]**

| Last | First | Middle | Title | Race | Sex | DOB | Age | Hgt | Wgt |
|---|---|---|---|---|---|---|---|---|---|
| TISDALE | ALVIN | TYRONE | | B | M | ▓1969 | 34 | 5'06" | 123 |

| Eyes | Hair | MNI Number | SSN | I.D. No. | St | Type | OCA Number |
|---|---|---|---|---|---|---|---|
| BRO | BLK | BCSM00MNI000085▓1193 | | T23401869209-0 | FL | | |

Birth Location: City: GAINESVILLE County: ALACHUA State: FL Nation: US Citizenship: US
Addresses (Current/Last Known is Listed First)
   508 QUAIL LN MACCLENNY FL 32063 Phone: 904-259-8854 Entered: 10/17/2003
  383 W RAILROAD ST MACCLENNY FL 32063 Phone: 259-8854 Entered: 08/10/2002
   383 W RAILROAD AVE MACCLENNY FL 32063 Phone: (904)259-8854 Entered: 10/09/2001
Occupations (Current/Last Known is Listed First)
  * none found in MNI *
Aliases (Last, First Middle Title DOB)
  * none found in MNI *
Street Names
  * none found in MNI *

**[ INCIDENT INFORMATION ]**

Occurred Date Range: 10/30/2003    17:04   to  10/30/2003    17:04

| No. | Di | Street | Apt/Lot | City | ST | Zip | (GEO) |
|---|---|---|---|---|---|---|---|
| | | MCIVER STREET | | MACCLENNY | FL | 32063 | 1 - BCSO - - |

**[ CHARGES ]**

893.13.1C1    COCAINE-SELL
WITHIN 1000 FT OF SCHOOL SCHEDULE II

| Counts | Level | Degree | GOC | UCR | NCIC | AON |
|---|---|---|---|---|---|---|
| 1 | Felony | First | Principal | 350A | | 3530 |

893.13.1C1    COCAINE-POSSESS
WIT SELL MFG DELIVER WI 1000 FT SCH SCHED II

| Counts | Level | Degree | GOC | UCR | NCIC | AON |
|---|---|---|---|---|---|---|
| 1 | Felony | First | Principal | 350A | | 3532 |

**[ STATEMENT OF PROBABLE CAUSE ]**

CAD INCIDENT DISPOSITION CODE: [ 181] [ E] [] []

ON 10-30-03 I WAS IN CHARGE OF A CONTROLLED NARCOTICS PURCHASE IN MACCLENNY, FL.
ASSISTING WITH THE INVESTIGATION WAS INVESTIGATOR DAVID BRYANT AND CS 1012. THE CS AND
OFFICERS MET AT A PREDETERMINED LOCATION AT 1640. THE CS WAS DRIVING A UNDER COVER
VEHICLE EQUIPPED WITH AN AUDIO AND VIDEO RECORDING DEVICE. THE AUDIO WAS TRANSMITTED
SO THAT THIS OFFICER COULD MONITOR THE TRANSACTION. THE CS STATED TO THIS OFFICER THAT
HE HAS PURCHASED NARCOTICS FROM THIS AREA IN THE PAST. THE CS AND THE UC VEHICLE WAS
SEARCHED BY THIS OFFICER AND NO CONTRABAND WAS FOUND. THE CS WAS ISSUED $20.00 DOLLARS
OF PRERECORDED US CURRENCY WHICH WERE LAWFUL FUNDS OF THE BAKER COUNTY SHERIFFS
OFFICE. THE CS WAS INSTRUCTED TO TRAVEL TO THE AREA AND ATTEMPT TO PURCHASE NARCOTICS.
THE CS ARRIVED IN THE AREA AT 1704 AND MADE CONTACT WITH DEFENDANT ON MCIVER STREET,
THE CS REQUESTED A TWENTY THIS IS STREET LANGUAGE FOR (CRACK COCAINE). THE DEFENDANT
THEN HANDED THE CS THE SUSPECTED CRACK COCAINE. THE CS THEN HANDED THE $20.00 DOLLARS
THAT WAS ISSUED TO HIM TO THE DEFENDANT. THE CS THEN DROVE BACK TO THE PREDETERMINED
LOCATION AND GAVE ME THE SUSPECTED CRACK COCAINE. THE CRACK COCAINE WAS TESTED WITH
POSITIVE RESULTS AND WEIGHED APPROXIMATELY 0.2 GRAMS. UPON VIEWING THE VIDEO TAPE THIS
OFFICER RECOGNIZED THE DEFENDANT TO BE ALVIN TISDALE. ALL EVIDENCE WAS TURNED INTO

**ARREST REPORT**

**BAKER COUNTY SHERIFFS OFFICE**

REPORT NO:  BCSO03ARR002958

EVIDENCE CUSTODIAN LORINDA FISH AT THE BAKER COUNTY SHERIFFS OFFICE. THE DEFENDANT WAS ARRESTED ON 12-03-03 AND TRANSPORTED TO THE BAKER COUNTY DETENTION CENTER.

I hereby swear (or affirm) that the facts established on this affidavit are true and correct to the best of my knowledge and belief.

| Signature  (Arresting Officer) | RHODEN, SCOTTY | 205 |
| | Name | ID/SSN |

Subscribed and sworn to (or affirmed) before me this  3  day of   December  A.D., 2003 by  _Scotty Rhoden_

who is personally known to me or has produced _____ as identification.

_____      _____ Notary Public      ✓ LEO      _____ CO
Signature

Commission No:_____      My Commission Expires _____

**[ PHYSICAL EVIDENCE ]   [NO PHYSICAL EVIDENCE LISTED]**

**[ ARREST INFORMATION ]**

| Arrested | Residency | Injured | Extent of Injury | Resist |
|---|---|---|---|---|
| 12/03/2003   14:00 | | | | No |
| Weapon | | Arrested Prior | Arrest Jurisdiction | Alcohol | Drugs |
| | | Yes | | No | Yes |

| No. | Di | Street | A/L | City | ST | Zip |
|---|---|---|---|---|---|---|
| | | MCIVER STREET | | MACCLENNY | FL | 32063 |

| Arresting Officer | Unit | (GEO)   1 - BCSO - - |
|---|---|---|
| 205   RHODEN, SCOTTY | BCSO\NARCOTICS INVESTIGATOR | |

Bond Set by LEO at Time of Arrest & Booking:                (  )   None    (  )   ROR

Bond Set by Judge

_____      (  ) Any          (  ) None          (  ) ROR/Signature

    (  ) PTR/IQ          (  ) PTR          (  ) Cash          (  ) Professional

    (  ) Purge          _____

Return Court: _____      Date: _____      Time: _____
Instructions:

**[ ADDITIONAL PERSONS ]**

COURT DISPOSITION:_____

_____

_____

_____                ( right index )